14-2752-cv (L)
*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fifteen.

PRESENT:   DENNY CHIN,
                     CHRISTOPHER F. DRONEY,
                                *Circuit Judges.*
                     KATHERINE B. FORREST,
                                *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CEDAR PETROCHEMICALS, INC.,
                                *Plaintiff-Appellant-Cross-Appellee,*


                     v.                                        14-2752-cv (Lead)
                                                               14-2890-cv (XAP)

DONGBU HANNONG CHEMICAL CO., LTD.,
                                *Defendant-Cross-Claimant-Appellee-Cross-Appellant,*

KUMHO P&B CHEMICALS, INC.,
                                *Defendant-Cross-Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]      The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT: JOHN T. LILLIS, Nathan T. Williams, Kennedy Lillis Schmidt & English, New York, New York.

FOR DEFENDANT-APPELLEE: ROBERT A. WEINER, Michael R. Huttenlocher, McDermott Will & Emery LLP, New York, New York.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Cedar Petrochemicals, Inc. ("Cedar") appeals from the district court's entry of judgment, after a four-day bench trial, in favor of Defendant Dongbu Hannong Chemical Co., Ltd. ("Dongbu") and against Cedar, as well as from the district court's order denying Cedar's motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This suit arises from a May 17, 2005 contract between Cedar and Dongbu for the sale of 2,000 metric tons of phenol, to be delivered F.O.B. Ulsan, Korea. On May 21, 2005, the phenol was loaded on Dongbu's nominated vessel, the Green Pioneer. On May 24, 2005, the Green Pioneer arrived at Ulsan and the phenol was transferred to Cedar's nominated vessel, the Bow Flora. The Bow Flora then set sail for Rotterdam.

- 2 -

On or about July 19, 2005 the Bow Flora arrived in Rotterdam and the quality of the phenol was tested, revealing that the color was off-specification. The test results regarding the damaged phenol were provided to Ertisa, S.A. ("Ertisa"), the ultimate purchaser of the phenol, and Ertisa made a claim for the chemicals through its insurance broker.

Cedar initially brought suit in Korean court against the owners and operators of the Green Pioneer, as well as one of the phenol testing companies. After withdrawing that action, Cedar brought the instant suit against Dongbu on May 24, 2006, alleging that Dongbu had delivered non-conforming liquid phenol. The parties agreed that to demonstrate liability, Cedar had to prove by a preponderance of the evidence that the phenol was damaged before it was transferred to the Bow Flora. Because the damage did not manifest itself -- despite the testing of samples in transit -- until it was offloaded in Rotterdam, Cedar argued what its expert called the "seeding" theory of injury. According to this theory, the phenol was damaged, imperceptibly, while still in Dongbu's control. That initial injury, via a slowly unfurling free radical chain reaction, was finally detected as off-specification phenol in Rotterdam.

The district court was not persuaded by the seeding theory, and by Opinion dated October 21, 2013, following a bench trial, found that Cedar failed to prove by a preponderance of the evidence that Dongbu breached its contract by providing injured phenol.

On appeal, Cedar alleges that the district court (1) abused its discretion by prohibiting Cedar from outlining its seeding theory of phenol injury in its post-trial memorandum and subsequently ruling against the seeding theory without the benefit of the proposed briefing, (2) clearly erred in entering judgment in favor of Dongbu after finding that Cedar failed to show that the phenol was already injured when delivered, and (3) abused its discretion in declining to reach the merits of Cedar's motion for reconsideration. On cross-appeal, Dongbu contends that the district court abused its discretion in declining to sanction Cedar for filing its motion for reconsideration.

1.      **Post-Trial Memorandum and Motion for Reconsideration**

Cedar claims that the district court abused its discretion in prohibiting them from explaining the seeding theory in Cedar's post-trial memorandum. Cedar further contends that the district court abused its discretion in deciding that the seeding theory was contradicted by Cedar's own evidence, Cedar Exhibits 70A-70P (the "Literature").

The district court, however, did not deny Cedar the opportunity to argue its seeding theory. At the conclusion of the bench trial, the district court ordered the parties to submit final proposed findings of fact and conclusions of law, as well as a memorandum of law. Specifically, the district court asked that the proposed findings and conclusions be keyed to the trial record and address the primary question of when and where the phenol was damaged. And Cedar did, in fact, address the seeding

- 4 -

theory in its submissions. Additionally, though Cedar submitted direct testimony in the form of declarations of its experts Martin East and John Minton, neither was able to demonstrate at trial how the Literature supported the seeding theory.

## 2. The Seeding Theory of Phenol Injury

Cedar argues that the district court clearly erred in holding that Cedar failed to meet its burden in proving that the phenol was already injured upon delivery by Dongbu. "In reviewing a judgment entered after a bench trial, we accept the district court's findings of fact unless they are clearly erroneous." *Ortho Pharm. Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 693 (2d Cir. 1994). The factfinder's choice between two permissible views of the evidence cannot be clearly erroneous. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

Cedar argues that (1) the parties stipulated that phenol discolors gradually, as opposed to rapidly or instantaneously as the district court found, (2) the Literature supports the seeding theory, (3) the Literature illustrates that the phenol could not have discolored rapidly or instantaneously due to the quantities of contaminates, oxidizing agents, and catalysts, (4) Cedar's expert never actually conceded that the Literature contradicted the seeding theory, (5) testimony on blending supported the seeding theory, and (6) differences in the phenol's storage and carriage conditions and sampling timing limited the ability of the quality-inspection regime to

generate the kind of data the district court suggested would be consistent with the seeding theory.

We have conducted an independent review of the record and conclude that the district court did not clearly err. The trial judge properly assessed the credibility of the witnesses and drew reasonable inferences from the evidence before it. The district court held that the seeding theory could not explain the results of the post-shipment tests of the phenol, and that it was unsupported by the scientific literature provided by the parties. Specifically, the district court found that Cedar's experts were not credible, and that they failed to account for the fact that the "peaks and valleys" in the test results did not comport with the linear degradation anticipated by the seeding theory. App. at 768-69; *see Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) ("It is within the province of the district court as the trier of fact to decide whose testimony should be credited.").

The district court's decision in favor of Dongbu, that the phenol was not injured before it crossed the rails of the Bow Flora, was amply supported by the record.

3. **Cedar's Motion for Reconsideration**

Cedar also appeals the district court's June 30, 2014 denial of its motion to amend the findings of fact and alter the judgment under Federal Rules of Civil Procedure 52(b) and 59(e) ("motion for reconsideration"). We review a district court's denial of a motion for reconsideration for abuse of discretion. *RJE Corp. v. Northville*

- 6 -

*Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The district court did not abuse its discretion in denying Cedar's motion for reconsideration. Only after the district court had found in favor of Dongbu and rejected the seeding theory did Cedar try to connect the Literature to its theory of the phenol degradation. Cedar purported, in its motion for reconsideration, to provide a "critical reading" of the Literature to show why the district court's findings were wrong. But the proper time for such a critical reading was trial. Cedar failed to point to decisions or data that the district court had "overlooked." *Id.*

### 4.    Sanctions

On cross-appeal, Dongbu contends that the district court erred in declining to sanction Cedar for filing its motion for reconsideration, which, Dongbu alleges, revived positions that relied on expert conclusions from its previously withdrawn supplemental report, expanded on these conclusions by making inferences based on the previously withdrawn supplemental report, submitted and relied on documents that were not disclosed during discovery, and asserted a "trend analysis" theory that had not previously been disclosed or offered.

We review a district court's decision regarding sanctions for abuse of discretion. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999). This deferential standard is in recognition of the premise that "the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted." *Id.* (internal quotation marks omitted).

The district court described Cedar's motion for reconsideration as "borderline frivolous," but declined to sanction Cedar because "[p]laintiff has not previously been sanctioned or warned regarding the possibility of sanctions in this action." App. at 954. Dongbu argues that Cedar was "warned" because it did in fact have notice, in accordance with Federal Rule of Civil Procedure 11, and that in response to that notice Cedar informed Dongbu that it would not be withdrawing its reconsideration motion. Despite the Rule 11 notice, it was within the sound discretion of the trial judge to deny sanctions based on lack of warning from the district court, lack of previous sanctions, as well the other "pertinent facts." *Schlaifer Nance*, 194 F.3d at 333.

\* \* \*

We have considered all of Cedar and Dongbu's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
